UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MORRIS J. KIRSCHBERG AND NANCY J. KIRSCHBERG, | § § § | |
| *Plaintiffs*, | § § | Civil Action No. SA-10-CV-871-XR |
| v. | § § | |
| WELLS FARGO BANK, N.A. AS SUCCESSOR TO WACHOVIA BANK, NATIONAL ASSOCIATION, | § § § | |
| *Defendant*. | | |

**ORDER**

On this date, the Court considered Plaintiffs' Motion for Leave to File Third Amended Complaint (Docket Entry No. 23), Defendant's Opposition and Objection (Docket Entry No. 28), and Plaintiffs' Response (Docket Entry No. 29). For the following reasons, Plaintiffs' motion for leave to file is GRANTED.

**BACKGROUND**

On or about September 28, 2006, Plaintiffs Morris and Nancy Kirschberg obtained a $570,000 home equity loan from Wachovia Bank National Association, secured by a Deed of Trust. Defendant Wells Fargo is a successor in interest to Wachovia Bank National Association. Plaintiffs allege that Defendant made certain fraudulent representations in order to induce Plaintiffs to enter the loan agreement.

Plaintiffs filed a petition in the District Court for the 166th Judicial District of Bexar County,

1

Texas on September 24, 2010.[1] The petition alleged that Defendant made fraudulent representations with regard to the terms of the agreement, and fraudulently inflated the appraisal of the subject property. Defendant removed the case to this Court on October 25, 2010.[2] Plaintiffs filed a motion for leave to amend its complaint on March 17, 2011.[3] The proposed amended complaint identified three causes of action: (1) violation of Article 16 § 50 of the Texas Constitution; (2) common law fraud; and (3) fraud in a real estate transaction in violation of TEX. BUS. COMM. CODE § 27.01.[4] Defendant filed a response in opposition, arguing that the proposed amendment would be futile because (1) the fraud claim was barred by the "economic loss doctrine" and the statute of frauds; and (2) TEX. BUS. COMM. CODE § 27.01 does not apply to loan transactions.[5]

In response to Defendant's arguments, Plaintiffs then filed a second motion for leave to amend on March 29, 2011.[6] The proposed second amended complaint removed the TEX. BUS. COMM. CODE § 27.01 claim, and asserted a new claim of violation fo the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. COMM. CODE § 17.46(b)(12).[7] Defendant filed a response in opposition on April 6, 2011, arguing that the proposed amendments would be futile because (1) the fraud and DTPA causes of action are barred by the statute of limitations; (2) Plaintiffs' fraud claim is barred by the

---

[1] Pl.'s Orig. Pet., Sep. 24, 2010 (attached as Ex.C to Docket Entry No. 1).

[2] Notice of Removal, Oct. 25, 2010 (Docket Entry No. 1).

[3] Mot. For Leave to File Pl.'s First Am. Compl., Mar. 17, 2011 (Docket Entry No. 13).

[4] Id.

[5] Resp. In Opp. To Mot., Mar. 28, 2011 (Docket Entry No. 17).

[6] Mot. For Leave to File Second Am. Compl., Mar. 29, 2011 (Docket Entry No. 19).

[7] Id.

statute of frauds; and (3) Plaintiffs are not "consumers" within the meaning of the DTPA.[8] The day prior to Defendant's response, April 5, 2011, Plaintiffs filed a reply to Defendant's first response in opposition, stating that its first motion for leave to amend was moot, but that it continued to assert a cause of action for common law fraud along with its newly asserted DTPA claim.[9]

On April 12, 2011, Plaintiffs filed their third motion for leave to amend.[10] Plaintiffs assert that the amended complaint does not add any additional causes of action, and it has removed the DTPA claim.[11] Rather, Plaintiffs state that its main purpose in filing an amended complaint is to plead the discovery rule in response to Defendants' statute of limitations defense.[12] Plaintiffs also argue that their fraud claim is barred by neither the statute of frauds nor the economic loss doctrine, as asserted by Defendant in its prior responses.[5]

## LEGAL STANDARD

Although leave to amend pleadings "shall be freely given when justice so requires," FED. R. CIV. P. 15(a), leave to amend is not automatic. *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991). The decision to grant or deny a motion to amend is within the sound discretion of the trial court. *Id.* In exercising its discretion, the trial court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

---

[8]Resp. In Opp. To Mot., Apr. 6, 2011 (Docket Entry No. 22).

[9]Reply to Resp. To Mot., Apr. 5, 2011 (Docket Entry No. 21).

[10]Mot. For Leave to File Third Am. Compl., Apr. 12, 2011 (Docket Entry No. 23).

[11]*Id.* ¶ 3.

[12]*Id.*

[5]*Id.* ¶¶ 5,6.

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

In this case, however, Plaintiffs seek leave to amend after the expiration of the deadline to amend pleadings contained in the Court's scheduling order. The original scheduling order, issued January 11, 2011, provides that the deadline to amend pleadings was March 17, 2011. Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. FED. R. CIV. P. 16(b)(4); *S&W Enterps., L.L.C. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir.2003). To determine whether to extend the scheduling order deadline, the Court considers: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave. *S&W Enterps.*, 315 F.3d at 536.

## ANALYSIS

The Court notes that Plaintiffs' first motion for leave to file an amended complaint was filed on March 17, 2011, within the scheduling order deadline. Plaintiffs' subsequent motions for leave to amend, filed after the deadline, were filed in response to Defendant's responses and arguments. The Court finds that Plaintiffs' motions for leave to amend were therefore not in bad faith, nor for the purpose of delaying the proceedings in any way. Furthermore, Defendant will not be prejudiced by extending the amendment deadline, because it has received notice of and responded to Plaintiffs' attempts to amend its pleadings continuously from the initial amendment deadline of March 17, 2011

4

until now. Defendant's assertions that Plaintiffs' prior attempts to add additional claims "must have been harassment" are belied by the fact that Plaintiffs have voluntarily withdrawn those claims. Because Plaintiffs initially moved to amend within the deadline, and the amendment is not in bad faith and would not result in prejudice to the Defendant, the Court will consider the motion for leave under the more liberal standard of Rule 15(a). *S&W Enterps.*, 315 F.3d at 536; *see* FED. R. CIV. P. 15(a).

Defendant argues that the motion for leave should be denied because adding the proposed common law fraud claim would be futile, as that claim is barred by the statute of limitations and the state of frauds.[6] Defendant mischaracterizes Plaintiffs' motion, as the proposed amendments do not seek to add any additional claims in its amended complaint. Plaintiffs pleaded the same common law fraud claim in their original complaint: "The Defendant, in order to induce Plaintiffs into the agreement, made certain fraudulent representations including ... the loan would include property taxes and property insurance in the monthly payment to the lender."[7]

Plaintiffs initially brought the claim in state court under different pleading standards. Defendant removed the case to this forum, and Plaintiffs now seek to respond by adding the specificity required by heightened standard for pleading fraud in federal courts. FED. R. CIV. P. 9(b). Furthermore, it is not evident at this early stage that allowing Plaintiffs to further detail their fraud claim will be futile. In fact, Plaintiffs propose to plead additional details of an escrow for the taxes

---

[6] *See* Def.'s Opp. To Mot. For Leave to File Third Am. Compl., Apr. 19, 2011 (Docket Entry No. 28).

[7] Pl.'s Orig. Pet. ¶ 9.

and insurance in question,[8] and that Defendants' actions relating to the escrow prevented them from discovering the practice until approximately one year after the loan was made, directly addressing Defendant's statute of limitations defense.[9]  Defendant is welcome to raise its statute of frauds and the statute of limitations arguments in a subsequent dispositive motion, at which time they will be evaluated on the merits.  At this time, however, the Court finds that allowing the proposed amendments is in the interest of justice.  *See* FED. R. CIV. P. 15(a).

## CONCLUSION

Plaintiffs' proposed amendments are not in bad faith, would not cause undue delay, and Defendant would not be prejudiced by allowing Plaintiffs to bring their complaint into compliance with the requirements of the federal rules.  Accordingly, Plaintiffs' Motion for Leave to File Third Amended Complaint (Docket Entry No. 23) is GRANTED.  Plaintiffs are directed to file their amended complaint.

It is so ORDERED.

SIGNED this 26th day of April, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[8] Mot. For Leave to File Third Am. Compl. ¶ 8.

[9] *Id.*